NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GARY JOHNSON, JR., *Appellant.*

No. 1 CA-CR 18-0380
FILED 2-5-2019

Appeal from the Superior Court in Maricopa County
No.  CR 2016-149433-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Hopkins Law Office PC, Tucson
By Cedric M. Hopkins
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge James B. Morse Jr. joined.

**B R O W N**, Judge:

¶1        This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Gary Johnson was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Johnson, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2        A grand jury indicted Johnson for (1) aggravated assault, a class 5 felony; (2) indecent exposure, a class 6 felony; and (3) indecent exposure, a class 1 misdemeanor. Count one required proof that Johnson committed an assault while "knowing or having reason to know that the victim [was] . . . a peace officer." Ariz. Rev. Stat. ("A.R.S.") § 13-1204(A)(8)(a); *see also* A.R.S. § 13-1203(A)(2) (defining assault as "[i]ntentionally placing another person in a reasonable apprehension of imminent physical injury"). Counts two and three required proof that Johnson exposed his genitals while another person was present and "was reckless about whether the other person, as a reasonable person, would be offended or alarmed by the act." A.R.S. § 13-1402(A). Count two also required a finding that the victim was under the age of 15. A.R.S. § 13-1402(C). The following evidence was presented at trial.

¶3        On October 17, 2016, A.T. was driving her elderly mother to an office. S.V., A.T.'s then nine-year-old daughter, was riding in the backseat of the car. A.T. saw Johnson when she stopped at an intersection and looked to her right. Johnson made eye contact with A.T. as he rolled the top of his shorts down, exposing his penis. S.V. also witnessed Johnson rolling his shorts down and it made her "uncomfortable," although she could not remember seeing "anything when he actually pulled them down." A.T. drove away and her mother, who did not see Johnson's act,

had the office call the police. When police arrived, Johnson was no longer in the area and could not be located.

¶4      The next day, A.T. saw Johnson and called the police again. Officer D.M. responded to her call; when he arrived, A.T. informed him about the incident and identified Johnson as he left a store. D.M. attempted to approach Johnson in his marked patrol car, but Johnson evaded his approach by zig-zagging across the road numerous times. Eventually, D.M., who was wearing his police uniform, tried to stop Johnson by exiting his patrol vehicle, sticking his arm out to block Johnson from walking past him, and saying "Hey, I need to talk to you." Johnson responded by telling D.M. not to touch him and attempted to walk past him again. D.M. grabbed Johnson in an attempt to stop him. Johnson became violent, grabbing the inside of D.M.'s vest, striking his chest, and struggling with D.M. into the south lanes of a busy road. Once in the road, D.M. separated himself from Johnson and deployed his Taser twice. D.M. testified that he felt "endangered" during this encounter because of "the struggling, traffic, . . . and fear for weapons or things that I could not see under [Johnson's] belt or . . . shirt."

¶5      The jury found Johnson guilty as charged. At sentencing, the court placed Johnson on supervised probation for 3 years as to count one, 10 years as to count two, and 3 years as to count three.[1] Johnson timely appealed.

¶6      After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Johnson was represented by counsel at all critical stages of the proceedings.[2] The evidence presented supports the convictions, and the suspended sentences fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Johnson's constitutional and statutory rights. Therefore, we affirm Johnson's convictions and the resulting probationary terms.

---

[1]      The State sought sex offender registration as a condition of probation for count two, but the court deferred ruling on that issue for one year.

[2]      Johnson waived his presence at many pretrial proceedings by refusing transport, *see* Ariz. R. Crim. P. 9.1, and forfeited his right to be present during much of the trial proceedings by engaging in disruptive conduct, *see* Ariz. R. Crim. P. 9.2.

¶7  Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Johnson of the appeal's outcome and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Johnson has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA